Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania v. Elaine Mascioli, Appellant.

464

Argued January 9, 1976, before Judges CRUMLISH, JR., ROGERS and BLATT, sitting as a panel of three.

*John F. Miller, Jr.*, for appellant.

*Daniel R. Schuckers*, Assistant Attorney General, with him *Sydney Reuben*, Assistant Attorney General, and *Robert P. Kane*, Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., February 26, 1976:

This appeal from a decision and order of the Unemployment Compensation Board of Review (Board) taken by Elaine Mascioli (Claimant) involves the question: Is there sufficient evidence in the record to support a finding that the conduct of the Claimant amounted to willful misconduct?

The referee found that Claimant had been discharged from her position as being an unsatisfactory employee. He reasoned and wrote, "Inefficiency, unsatisfactory conduct, failure in good performance as a result of inability

or incapacity cannot be deemed misconduct within the meaning of a [sic] statute. Under the circumstances in this case, Claimant's discharge was not the result of willful misconduct in connection with her work within the meaning of Section 402(e) of the [Unemployment Compensation Law[1]], and accordingly she is eligible to receive benefits."

The Board reversed, finding "various factors including tardiness, carelessness and insubordination" amounted to willful misconduct. Her appeal followed.

Judge KRAMER for this Court clearly dissolved the mystique of this undefined statutory term in *Loder v. Unemployment Compensation Board of Review*, 6 Pa. Commonwealth Ct. 484, 488, 296 A.2d 297, 299 (1972), when he wrote:

"Unfortunately, the Legislature has not defined the phrase 'willful misconduct.' The appellate courts of this Commonwealth have endeavored to establish the standards to be applied in willful misconduct cases. As a general principle in order to deny unemployment compensation benefits to an employee, his or her action must involve a wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employees, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to the employer."

Moreover, the burden is on an employer to show that the termination was the result of willful misconduct. *Kentucky Fried Chicken v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d

---

1. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

165 (1973). Claimant explained that her bizzare behavior and tardiness were the effect of medical applications prescribed by her physicians. The record discloses and the Board, in its brief to this Court, tells us that there is little testimony on the subject of Claimant's mental or physical limitations. However, there is testimony that she had been "hospitalized," "under stress" and "didn't realize what her duties were."

Since the record is devoid of vital facts which may explain that Claimant's behavior was the result of physical and mental limitations as opposed to an intentional and substantial disregard of her employer's interests, we

### ORDER

AND NOW, this 26th day of February, 1976, the decision and order of the Unemployment Compensation Board of Review is vacated and the case remanded to them for the purpose of adducing evidence as to Claimant's mental and physical condition, consistent with this opinion.