Charles Serban, Appellant *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania, Appellee.

Argued December 6, 1976, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Irving Warren Singer,* for appellant.

*Daniel Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., March 8, 1977:

The Unemployment Compensation Board of Review (Board) affirmed a denial of unemployment compensation benefits to Charles Serban (Claimant).

Claimant had been employed as a lathe operator by the Schulte & Koerting Division of Amtek when, on March 25, 1974, he was discharged for repeated infractions of Amtek's company rules regarding lateness. Subsequently, Claimant applied for unemployment compensation benefits which were denied by the Bureau of Employment Security (Bureau). Upon appeal, the Bureau's determination was affirmed by the assigned referee. The Board upheld the referee, citing Section 402(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Subsequent to the referee's decision but prior to the Board's denial of benefits, Claimant filed a grievance under the union contract. The arbitrator assigned to hear the grievance held the employer's action unjustified and ordered Claimant's reinstatement without back pay. Claimant then appealed the Board's determination to this Court which, pursuant to a stipulation, remanded the case to the Board for reconsideration of its decision. The Board then assigned the case to a second referee for additional testimony.

At this second hearing, the arbitrator's decision was made part of the record. The Board, after reviewing the augmented record, "vacated" its prior decision but again affirmed the referee's original decision denying benefits pursuant to Section 402(e) of the Act. Claimant contends on appeal that (a) the findings of fact of the Board are not supported by the evidence and (b) Claimant's conduct did not amount to "willful misconduct."

We reiterate that in unemployment compensation cases, our review is limited to a determination of whether the Board committed an error of law and whether its findings of fact are supported by the evidence, giving to the party prevailing before the Board the benefit of all inferences which can be reasonably drawn from the evidence. *Unemployment Compensation Board of Review v. Shrump*, 22 Pa. Commonwealth Ct. 570, 349 A.2d 787 (1975).

A thoughtful review of the record convinces us that Claimant's first contention is without merit. The record clearly establishes that Claimant was in fact late on each of the 19 occasions cited by the Board and, in addition, it also supports the finding that Claimant had received written warnings and a three day suspension prior to his ultimate discharge.

We also reject Claimant's second contention. Though willful misconduct is not statutorily defined,

its meaning has been judicially developed to encompass the wanton and willful disregard of an employer's interest, a deliberate violation of rules, a disregard of expected behavior standards or negligence manifesting culpability, wrongful intent, evil design or intentional and substantial disregard of the employer's interests or the employe's duties and obligations. *Marcantonio v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 204, 309 A.2d 462 (1973).

In *Marcantonio, supra,* we recognized that frequent tardiness after an employer's warnings amounted to willful misconduct sufficient to deny benefits under Section 402(e) of the Act. We will not say the Board committed an error of law in its conclusion that Claimant's behavior amounted to willful misconduct. His history of latenesses, combined with the employer's temperate warnings, clearly constitute willful misconduct under Section 402(e) of the Act. Therefore, we affirm the Board.

Accordingly, we

### Order

And Now, this 8th day of March, 1977, the decision of the Unemployment Compensation Board of Review is hereby affirmed.