James Ravenell, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent; Harrisburg Housing Authority, Intervening Respondent.

Argued June 10, 1977, before Judges CRUMLISH, JR., KRAMER and BLATT, sitting as a panel of three. Judge KRAMER did not participate in the decision.

*Bruce E. Cooper,* with him *Cooper, Friedman & Butler,* for petitioner.

*Michael Klein,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

*Elliot A. Strokoff,* with him *Handler, Gerber and Weinstock,* for intervening respondent.

OPINION BY JUDGE CRUMLISH, JR., October 5, 1977:

James J. Ravenell (Claimant) appeals a denial of unemployment compensation benefits by the Unemployment Compensation Board of Review (Board).

The record shows that Claimant was last employed by the Harrisburg Housing Authority (Employer) as manager of the Jackson-Lick Apartments, an accommodation for elderly, low-income persons. By letter dated February 27, 1975, Claimant was notified that his employment with the Authority was terminated as of February 26, 1975. Subsequently, Claimant filed

140

for unemployment compensation benefits. The Bureau of Employment Security (Bureau) denied Claimant benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e). Claimant appealed this denial and, following a hearing, the referee reversed the Bureau and granted benefits. Employer appealed this decision to the Board which remanded the case to a second referee for the purpose of conducting a hearing and preparing a record. Subsequent to this second hearing, the Board reversed the first referee and denied benefits under Section 402(e) of the Act. This appeal resulted.

Claimant contends that Employer has failed to meet its burden of proof. It is beyond discussion that in unemployment compensation cases, review by this Court is limited to questions of law and a determination of whether the findings of fact are supported by the evidence, leaving to the Board questions of credibility and evidentiary weight. *Unemployment Compensation Board of Review v. Grossman,* 22 Pa. Commonwealth Ct. 550, 349 A.2d 779 (1976). It is also beyond dispute that an employer has the burden of proving that an employe was discharged for willful misconduct. *Unemployment Compensation Board of Review v. Mascioli,* 23 Pa. Commonwealth Ct. 463, 352 A.2d 576 (1976).

Though willful misconduct is not statutorily defined, its meaning has been judicially developed to encompass the wanton and willful disregard of an employer's interest, a deliberate violation of rules, a disregard of expected behaviorial standards or negligence manifesting culpability, wrongful intent, evil design or intentional and substantial disregard of the employer's interests or the employe's duties and obligations. *Serban v. Unemployment Compensation*

*Board of Review*, 29 Pa. Commonwealth Ct. 147, 370 A.2d 755 (1977).

In its findings of fact, the Board stated that Claimant

> borrowed money from at least one tenant without promising to pay same with interest at any date certain, without providing said tenant with any note or other document evidencing any such loan and without making any provision for repayment of said 'loan' in the event of his inability to repay same.

The Board also noted that as manager of the housing complex for low-income elderly persons, Claimant held a position of "authority and power." A careful review of the record indicates that these findings are indeed supported by the testimony. In fact, the transaction as outlined above in the Board's finding is supported by Claimant's own testimony. Additionally, he admitted that he did not repay the money until approximately four months *after* his termination. Clearly, this amounts to a disregard of expected standards of behavior. Acting in a capacity similar to that of a fiduciary (the tenants are admittedly elderly and low-income persons) Employer could properly expect that Claimant would be scrupulous in any financial transactions with tenants. Instead, Claimant made no provision for the payment of interest on the "loan," he provided no written documentation, and he made no provision for repayment. Employer met its burden of proving that the discharge was the result of willful misconduct and we must affirm.

Accordingly, we

## ORDER

AND NOW, this 5th day of October, 1977, the decision of the Unemployment Compensation Board of Review is hereby affirmed.

Judge KRAMER did not participate in the decision in this case. *See* Pa. R.A.P. 3102(d).