David Gladkowski, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 9, 1977, before Judges CRUM-LISH, JR., MENCER and BLATT, sitting as a panel of three.

*Andrew F. Erba,* for appellant.

*Susan Shinkman,* Assistant Attorney General, with her *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., April 27, 1978:

David Gladkowski (Claimant) appeals a decision of the Unemployment Compensation Board of Review (Board) affirming the referee's denial of benefits.

Claimant had been employed for five years by Sears, Roebuck and Company (Employer) as a "retail order filler" at the time of his discharge. The Board found Claimant was discharged for posting

award posters on the Company premises stating anyone with information concerning missing 'suggestion award certificates' will receive $50.00 cash and a $1.00 raise in pay.

The Board also found that

[c]laimant had no authority to offer such an award or to post the posters on the Company premises.

The missing certificate in question was awarded to Claimant's employee group evidencing 100% participation in a suggestion campaign. The Board concluded that this

was an act against the employer's interest and a disregard of the standards of behavior which an employer has a right to expect of an employe and constitutes willful misconduct in connection with his work.

Accordingly, the Board affirmed the referee's denial of benefits pursuant to Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

Section 402(e) of the Act states in part as follows:

An employe shall be ineligible for compensation for any week—

. . . .

(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . .

Though not statutorily defined, the term "willful misconduct" has been judicially developed to encompass an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of the standards of behavior which the employer has the right to expect of his employee, or negligence manifesting culpability, wrongful intent, evil design, or an intentional and substan-

tial disregard of the employer's interests or the employee's duties and obligations to the employer. *Serban v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 147, 370 A.2d 755 (1977).

Claimant, while admitting he posted the statement in question, contends on appeal that he had meant merely to satirize the situation, and that the Board erred as a matter of law in concluding that his action rose to the level of willful misconduct.

As we said in *Bickling v. Unemployment Compensation Board of Review,* 17 Pa. Commonwealth Ct. 619, 622, 333 A.2d 519, 521 (1975):

> This definition indicates that before the actions of an employe can constitute willful misconduct, the employe must display a serious disregard of his responsibilities to his employer, in a manner that is in some real sense deterimental [sic] to his employer's interests. The question is primarily a matter of degree, and the inquiry must be framed in terms of whether the employe's acts rise to the level of willful misconduct.

It is beyond discussion that, where an attempt is made to disqualify an employee on the basis of willful misconduct, the burden of proof is upon the employer. *Ravenell v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 138, 377 A.2d 1297 (1977). In accordance with the standard set forth in *Bickling, supra,* we conclude that Employer did *not* meet the requisite burden of proof. Though we do not countenance Claimant's conduct herein recited, we cannot, on the other hand, agree that Claimant has evidenced a *serious disregard* of his responsibilities to Employer. The record fails to disclose Claimant's violation of any specific rule. Nor is there any evidence that the work schedules of Claimant or any of

his fellow employees were disrupted by the posted notice. Moreover, Claimant testified that the sign was made during his lunch hour. We conclude, therefore, that Claimant's actions, in this context, were de minimis in nature and hold that Employer has failed to meet the requisite burden of proving willful misconduct.

Accordingly, we

ORDER

AND Now, this 27th day of April, 1978, the decision of the Unemployment Compensation Board of Review denying benefits to David Gladkowski is hereby reversed and benefits are awarded. The record is remanded to the Board for the computation of benefits consistent with this opinion.