James E. Palmer, Jr., Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 13, 1980, before Judges Wilkinson, Jr., Mencer and MacPhail, sitting as a panel of three.

*David L. Hill,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, JR., April 2, 1980:

Petitioner (claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) denying benefits due to claimant's willful misconduct under Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We affirm.

Claimant worked as a material handler at Y & Y Snacks, Inc. from August, 1975 until May 26, 1978 when his employment was terminated by discharge for punching time cards at times substantially earlier than the employer's normal starting hours for three other employees who were not working at the time. Claimant was actually working at that time and alleged he was acting upon the requests of his co-workers. This practice, which was repeated on several different dates, was in violation of a company rule and resulted in the employer paying out wages at an overtime rate to the employees whose time cards were falsified. Upon his discharge, claimant applied for unemployment compensation benefits, but his application was denied by the Board after a referee's hearing and a remand hearing. This appeal followed.

Claimant's arguments before this Court are twofold. First, he argues that he had cause to believe that punching other employees' time cards was an acceptable practice.[1] This argument is without merit. At the first hearing, claimant's employer testified that a no-

---

[1] The bona fides of claimant's position in this regard is placed in serious doubt by his first asserting to his employer that he did not punch time cards for others. He later admitted he had.

tice was posted on the bulletin board forbidding such action. Claimant denied having ever seen the notice, but his argument remains unpersuasive because even if he were unaware of his employer's rule, he should have realized that punching time cards for others would be detrimental to his employer's best interest. Such action would defeat the purpose of the time clock system. Clearly, the employer had a right to expect a higher standard of behavior than that exhibited by the claimant. Regardless of claimant's notice of a specific rule, his action of punching time cards for fellow employees may properly be found to constitute such disregard of acceptable standards of behavior as to constitute willful misconduct precluding the receipt of benefits. *Schooley v. Unemployment Compensation Board of Review*, 43 Pa. Commonwealth Ct. 383, 402 A.2d 1109 (1979).

Claimant's second argument is that the employer did not act reasonably in failing to discharge the other employees for whom claimant punched time cards. This argument would have merit if claimant had alleged that enforcement of the company rules had been based on improper discrimination such as racial bias. *See Woodson v. Unemployment Compensation Board of Review*, 461 Pa. 439, 336 A.2d 867 (1975). In the case at bar there is not sufficient evidence to warrant a conclusion of enforcement of a selective or discriminatory nature. Neither is there sufficient evidence to support claimant's contentions that the other employees involved had supervisory authority over him nor that such alleged authority could justify claimant's acting against the employer's best interest. *See Food Fair Stores, Inc. v. Unemployment Compensation Board of Review*, 11 Pa. Commonwealth Ct. 535, 538, 314 A.2d 528, 529 (1974) wherein Judge ROGERS stated: "An employe owes his employer loyalty, diligence, fidelity, obedience, and, above all, honesty."

Accordingly, we will enter the following

ORDER

AND NOW, April 2, 1980, the order of the Unemployment Compensation Board of Review, Decision No. B-164106-B, dated February 14, 1979, denying unemployment compensation benefits to James E. Palmer, Jr., is affirmed.