James W. Prior, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 7, 1980, before Judges Rogers, Blatt and MacPhail, sitting as a panel of three.

*Gretchen Regenhardt,* for petitioner.

*William J. Kennedy,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

Opinion by Judge MacPhail, June 18, 1980:

James W. Prior (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board), which affirmed the referee's decision to deny Claimant unemployment compensation benefits. The referee and the Board found Claimant ineligible for benefits under Section 402(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. [1937] 2897, *as amended,* 43 P.S. §802(e), which provides:

An employe shall be ineligible for compensation for any week—

(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . .

Claimant was last employed by the General Electric Company (Employer) for over six years; he was

working as a welder-assembler when suspended on August 31, 1978. On August 18, 1978, a pipe bomb had been detonated under a transit car in the place of Claimant's employment. During the subsequent investigation of the incident, an employee brought to Employer a vial of "little finger" size allegedly containing a small amount of gunpowder of insignificant destructive capacity. The employee reportedly had found the vial in an unlocked drawer of a tool cart formerly used by Claimant.

At the Employer's investigative hearing on August 31, 1978, Claimant admitted to having brought onto Employer's premises two and one-half years prior thereto a small vial of gunpowder for analysis by a co-worker. Claimant testified that he had mislaid the vial and six months later abandoned his search for it. Following the hearing, Employer suspended and then discharged Claimant for violation of the Employer's conduct rule which prohibits "[c]arrying firearms, ammunition or any other kinds of weapons on the employee's person in the plant without specific Company authorization." The Claimant was not connected with the explosion incident on August 18, 1978. Claimant's suspension and termination were due solely to his admission of having brought the vial of gunpowder onto Employer's premises, thus violating Employer's conduct rule of which Claimant was aware.

Based on the above facts, the Board concluded that Employer had met its burden by proving that Claimant's conduct constituted willful misconduct. Though not defined statutorily, "willful misconduct" has been interpreted judicially to encompass "an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of the standards of behavior which the employer has the right to expect of his employee, or negligence manifesting culpability, wrongful intent, evil design, or an

intentional and substantial disregard of the employer's interests or the employee's duties and obligations to the employer.'' *Gladkowski v. Unemployment Compensation Board of Review,* 35 Pa. Commonwealth Ct. 108, 110-11, 384 A.2d 1365, 1366 (1978).

This Court has long recognized that the question of whether certain behavior falls within the above interpretation and thus constitutes willful misconduct is a question of law. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973). We may properly review this legal question, for in unemployment compensation cases, where the party with the burden of proof has prevailed below, "our scope of review, absent fraud, is limited to (1) a determination as to whether the Board's findings are supported by the evidence, and (2) questions of law." *Kentucky Fried Chicken, supra,* at 93, 309 A.2d 166.

Claimant argues to us on appeal that Employer failed to meet its burden of proving Claimant guilty of willful misconduct for the following reasons:

> (1) Claimant did not violate the Employer's work rule prohibiting the carrying of firearms, ammunition or any other kinds of weapons into the plant, by bringing to the plant a small vial of gunpowder; thus a finding of willful misconduct cannot be based upon this alleged violation.
>
> (2) Even if Claimant's conduct did violate the work rule, the violation was minor in nature and did not rise to the level of willful misconduct.

Claimant also makes the argument that the alleged misconduct was so remote in time from his termination that it was an improper basis for discharge.

Although Claimant contends that the vial of gunpowder does not constitute "ammunition" in the sense

contemplated by the applicable work rule, we believe that Employer's work rule is a broad one, which naturally includes in its prohibition the act of carrying gunpowder onto Employer's premises. The presumed purpose of Employer's rule is to prevent the possibility of threats to the employees' safety by barring the introduction of potentially dangerous articles onto Employer's premises. Employer's interests in safety clearly would be undermined by allowing employees to bring gunpowder onto the premises; for in its bare form, gunpowder possesses an explosive quality; employees potentially could be harmed should gunpowder be ignited purposely or accidently, for example, by a spark (not an impossibility here where some employees, Claimant among them, are engaged in welding).

The fact that the small amount of gunpowder brought to work by Claimant had destructive capabilities of no significance has no bearing on our finding that Claimant's action violated the work rule. As stated earlier, the work rule guards against real and potential threats to safety, not merely immediate dangers. Though unlikely, potentially several small amounts of gunpowder could be brought onto Employer's premises and if combined could produce a significant explosion. Similarly, an unloaded gun by its nature poses a potential threat to safety, rather than an immediate threat; yet an unloaded gun would no doubt be prohibited by the work rule.

We add that Claimant's violation of the work rule was a deliberate one. Claimant admitted knowing of the work rule's existence. Even though Claimant believed he was not in violation of the rule, he intentionally brought the gunpowder onto Employer's premises knowing of its potential for harm. Claimant's breach of the rule, therefore, was not merely negligent or inadvertent, as the court deemed an em-

ployee's correction of a time sheet in violation of a work rule in *Century Apartments, Inc. v. Unemployment Compensation Board of Review*, 30 Pa. Commonwealth Ct. 485, 373 A.2d 1191 (1977), thus finding no willful misconduct.

Claimant attempts to minimize the gravity of his violation in order to avoid ineligibility for benefits, by arguing that even if he violated the work rule, his violation fails to rise to the level of willful misconduct. We disagree with his contention, for although "it is true that a single dereliction of an employe's duty of a minor casual, or insignificant nature will not amount to willful misconduct," *Roach v. Unemployment Compensation Board of Review*, 31 Pa. Commonwealth Ct. 424, 428, 376 A.2d 314, 316 (1977), we believe that in this case Claimant's single violation of the work rule is serious enough to be classified as inimical to Employer's best interests and to warrant a conclusion that it constitutes willful misconduct.

Furthermore, Claimant's conduct is not so remote in time from his termination to excuse the charge of willful misconduct. In *Lower Gwynedd Township*, 44 Pa. Commonwealth Ct. 646, 404 A.2d 770 (1979), an incident involving willful misconduct of a police officer occurred on May 18, 1977, and was not reported until December, 1977. This Court held therein that the passage of time did not excuse the officer's willful misconduct, for the township did not learn of the incident until seven months had passed, at which time it did take prompt action.

Likewise, in the case before us Employer took prompt action once it learned of Claimant's act of misconduct. Though in our case two and one-half years elapsed between the time Claimant brought the gunpowder to work and the date his employment was terminated, the conduct was not too remote; for during most of that time period, Claimant's vial of gunpow-

der remained on Employer's premises in continual violation of Employer's work rule, posing a constant, potential threat to safety.

We find, therefore, that Employer met the requirements of a rule violation case, *Holomshek v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 503, 395 A.2d 708 (1979), by proving the existence of the work rule allegedly violated and the fact that Claimant committed a deliberate violation of Employer's rule. We thus affirm the Board's decision finding Claimant guilty of willful misconduct and hence ineligible for benefits.

## ORDER

AND Now, this 18th day of June, 1980, the Order of the Unemployment Compensation Board of Review, dated January 18, 1979, denying James W. Prior benefits is hereby affirmed.