Jane M. Langensiepen, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 13, 1982, to President Judge CRUMLISH JR. and Judges BLATT and MAC-PHAIL, sitting as a panel of three.

*David A. Scholl,* for petitioner.

*William J. Kennedy,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, November 1, 1982:

Jane M. Langensiepen (claimant) appeals here from a decision of the Unemployment Compensation Board of Review (Board) which reversed a referee's decision and held that due to her willful misconduct, she was not entitled to benefits under Section 402(e) of the Unemployment Compensation Law.[1]

The claimant had been employed as a salesperson by Queen's Nutritional, a health food store, for approximately six months. She was discharged for taking a bag of dried soup[2] for her own use, without paying for it. Although he had no written policy, the employer testified that he had verbally informed all employees that any items in the store which they were purchasing would have to be checked out by another employee, and that they must keep the sales receipts given to them for such items. On the day here in question, the employer discovered an opened soup bag under the counter and, when he questioned the claimant about it, she admitted that it was hers and promised to pay for it when she checked out. Upon discovering that she had already checked out without having paid for the soup, the employer discharged her.

The burden of proof in willful misconduct cases rests on the employer. *Unemployment Compensation Board of Review v. Bacon,* 25 Pa. Commonwealth Ct. 583, 361 A.2d 505 (1976). And where, as here, the party with the burden of proof prevailed below, our scope of review is limited to a determination of whether or not the record, taken as a whole, contains

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

[2] The value of the soup was approximately 89 cents.

substantial evidence to support the Board's conclusion. *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 355, 378 A.2d 829, 831 (1977). After reviewing the record and examining the evidence in the light most favorable to the party in whose favor the Board has found, *Taylor*, we find that there is substantial evidence in the record to support the Board's finding that claimant was discharged for willful misconduct.

As we have previously held, an employee owes his employer loyalty, diligence, fidelity, obedience, and, above all, honesty. *Palmer v. Unemployment Compensation Board of Review*, 50 Pa. Commonwealth Ct. 300, 302, 412 A.2d 917, 919 (1980). In the instant case, there are three instances disclosed in the record in which the claimant's behavior was clearly disobedient and/or dishonest,[3] the most crucial here being her misappropriation of the soup. The *value* of the soup is not determinative of her misconduct, of course, the misappropriation being the key to determining whether or not she was guilty of willful misconduct. She argues that the *only* way she could be found guilty of willful misconduct is if the employer proved a "significant detriment" or a "substantial harm" to his interests. We have long held, however, that the proper test is a determination of whether or not her wrongful conduct evidenced a serious disregard of her respon-

---

[3] The first incident involves a discrepancy over numerous bottles of vitamins worth $70. The employer testified that the claimant had originally claimed that the vitamins were hers, but she later contended that only one bottle was hers, and that she had thrown away all of the others because they were outdated. The second incident involves a $4 bag of cashew nuts which were also found under the counter where they never should have been. The claimant contended that she was holding them for a customer, but she did not follow the regular layaway procedure which requires that such items be placed at the *checkout* counter with the customer's name on the bag. The third incident involved the soup.

sibilities to her employer. *Gladkowski v. Unemployment Compensation Board of Review,*[4] 35 Pa. Commonwealth Ct. 108, 111, 384 A.2d 1365, 1367 (1978). We believe that her conduct here, regardless of the value of the items involved, evidenced that disregard of her responsibilities as well as of the standards of honesty and obedience which her employer had a right to expect.

Accordingly, we must affirm the Board's decision.

ORDER

AND Now, this 1st day of November, 1982, the decision of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

---

[4] The applicable test to the instant case is set out in *Gladkowski* as "an intentional and substantial disregard of the employer's interest *or* the employee's duties and obligations to the employer." Here, although the financial harm to the employer may not have been substantial, nevertheless, the claimant breached her duties and obligations to the employer, and thus failed the second part of the *Gladkowski* test.