Dale Zerfing, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 12, 1985, before Judges ROGERS and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*Timothy J. O'Connell, Turner & O'Connell,* for petitioner.

*Charles Hasson,* Acting Deputy Chief Counsel, for respondent.

*Jason S. Shapiro,* with him, *Dana S. Scaduto, Mc-Nees, Wallace & Nurick,* for intervenor, Reiff & Nestor Company.

PER CURIAM OPINION, December 23, 1985:

Dale Zerfing (claimant) has filed a petition for review of an order of the Unemployment Compensation Board of Review (board), affirming a referee's decision that the claimant was ineligible for benefits under Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e), because he was discharged for willful misconduct.

The claimant worked as a machinist for Reiff and Nestor, Inc. (employer), from August 1, 1966 until March 29, 1984 when he brought a $CO_2$ handgun to work, waved the gun about, threatened people, and disrupted production in his department for two hours. One week before this gun incident, the claimant's supervisor warned the claimant three times in one night about "his running around and his behavior" and told him that if he continued to misbehave he would be discharged. On March 30, 1984, the employer discharged the claimant because of his "actions in the morning of March 29, 1984."

The claimant filed an application with the Office of Employment Security (OES) for unemployment compensation benefits. The OES denied the claimant's application, finding that he had committed acts

of willful misconduct. The claimant appealed and, after a hearing, the referee issued a decision affirming the OES order. On the merits, the referee found:

3. On March 29, 1984, the claimant reported to work with a gun;

. . . .

5. The claimant's action disrupted the employer's production for approximately two hours;

6. As a result of the claimant's action he was discharged by the employer on that date for having a gun on the premises and for continued disruption of the plant;

7. The claimant alleges that he was ill at the time and therefore did not know what he was doing; and

8. The claimant sought medical advice after he was released by the employer.

In discussion, the referee wrote that:

An element of willful misconduct is a breach of duty owed to the employer. The claimant's actions in reporting to work with a gun is a breach of duty owed to the employer and a deliberate disregard of the standards of behavior the employer has a right to expect of its employees. Accordingly, the claimant is disqualified from receiving benefits under the provisions of Section 402(e) of the law.

The claimant filed a further appeal with the board, which upheld the referee's decision denying benefits.

The claimant principally contends that the matter must be reversed for failure of the referee to make a finding concerning whether he was mentally competent at the time of the gun incident to commit a wilful act of misconduct; that is an "intentional, designed act and one without justifiable excuse." *Commonwealth ex rel. Wright v. Hendrick*, 455 Pa. 36, 40,

312 A.2d 402, 404 (1973) (construing a statute pro-
viding that a "wilful failure" to comply with a court
order shall be a contempt of court). In *Loder v. Un-
employment Compensation Board of Review*, 6 Pa.
Commonwealth Ct. 484, 488, 296 A.2d 297, 299 (1972),
we defined the phrase wilful misconduct as used in the
Unemployment Compensation Law as denoting, *inter
alia*, a deliberate and intentional disregard of the em-
ployer's interests. We agree that a finding whether
or not the claimant's conduct was deliberate and inten-
tional was essential to a fair resolution of this case.

In his summary of interview filed with OES and
admitted in evidence, the claimant reported that he
was "not really capable of comprehending what he
did was wrong."

At the referee's hearing at which the claimant was
uncounseled, he offered into evidence the statements
of two physicians, one a psychiatrist, who examined
him a few days after the incident and found him to be
suffering from an emotional illness and from a "bi-
polar illness, manic."[1] The employer's counsel made
a hearsay objection to these statements which the
referee noted. Counsel did not press for a ruling on
the objections and no ruling was ever made. The state-
ments are in the record certified to us.

At the hearing, the claimant testified as follows:

QR: Did you report to work with a gun?

AC: I did.

QR: Go ahead.

AC: I got to work. I got out. He looked at it.

QR: Why did you report to work with a gun?

AC: I said I was gonna bring it in, and show
it, and he looked at it, and he said that he
wished that he had one like that.

. . . .

---

[1] We take this to mean that he suffered manic and depressive
moods.

Because you can't buy one like that. They are quite some years old.

. . . .

It is a C-2 [sic] gun, and . . . there was no pellets in it. But, I went down as he said, in the grinding room. I think that I had, in my belt, and I just pointed it toward them, and I said, okay, you guys. Better keep straight. And I, as far as I know, to my knowledge, I did not have any intentions of shooting anybody. I did not have any intentions of threatening anybody. . . .

The evidence also shows that the claimant was admitted to a mental hospital, Philhaven in Lebanon, Pennsylvania, on April 4, 1984, the same day the doctors examined him, for treatment of a manic disorder; that he was discharged from the hospital on May 15, 1984; and that he has received outpatient treatment for his mental disorder at the Rosalie G. Handler Center since May 24, 1984.

The referee's finding that the claimant "alleges that he was ill and therefore did not know what he was doing" demonstrates that the referee recognized the nature of the claimant's defense; unfortunately, he did not resolve the issue there raised and supported by evidence by an appropriate finding. *See Unemployment Compensation Board of Review v. Mascioli,* 23 Pa. Commonwealth Ct. 463, 352 A.2d 576 (1976).

Order vacated and record remanded for findings consistent with this opinion. Jurisdiction is relinquished.

ORDER

AND Now, this 23rd day of December 1985, the order of the Unemployment Compensation Board of Review is vacated; the record is remanded for findings consistent with this opinion. Jurisdiction is relinquished.