IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Daniel M. Kane, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1119 C.D. 2024 |
| | : | |
| Unemployment Compensation | : | Submitted: June 3, 2025 |
| Board of Review, | : | |
| Respondent | : | |

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                           FILED: July 15, 2025

Daniel M. Kane (Claimant), *pro se*, petitions for review of the July 8, 2024 order of the Unemployment Compensation Board of Review (Board) that affirmed the decision of a UC Referee (Referee) finding Claimant ineligible for unemployment compensation (UC) benefits under Section 402(e) of the Unemployment Compensation Law (Law).[1]  Upon review, we affirm.

## I.    **Background and Procedural History**

Claimant was employed as a full-time Customer Service Associate by Speedway, LLC (Employer) from August 14, 2023, until December 2, 2023.  (Board's Finding of Fact (F.F.) No. 2; Certified Record (C.R.) at Item 17.)[2]  Employer has a

_____

[1] Section 402(e) of the Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e) (relating to discharge for willful misconduct).

[2] The Board expressly adopted the findings of fact in the Referee's May 23, 2024 decision. (*See* Board's Order, 7/8/2024, at 1.)

policy prohibiting theft of company property that allows for immediate termination of employment if the policy is violated. (F.F. No. 3.) On December 2, 2023, Employer discovered that Claimant had "purchased" four bottles of soda at a promotional price of $0.00 and taken them for his own use. Although the sodas could not be sold to a retail customer because they had passed their expiration date, they still belonged to Employer. (F.F. Nos. 4, 5.) The items had been on a clearance rack and were removed to be written off as part of inventory. Writing expired items off as inventory and properly disposing of them was a part of Employer's inventory control and accounting process. (F.F. Nos. 6, 7.) Claimant did not pay for the items and he admitted to his actions. On December 3, 2023, Employer discharged Claimant for theft of company property. (F.F. Nos. 8, 9, 10.)

On June 11, 2023, Claimant filed an application for UC benefits. (C.R. at Item 1.) On January 17, 2024, the Department of Labor and Industry (Department) issued a determination notifying Claimant that he was ineligible for benefits because he had been discharged for actions constituting "willful misconduct connected with his work," under Section 402(e) of the Law.[3] (C.R. at Item 7.) On January 28, 2024, Claimant appealed the Department's determination to a Referee. (C.R. at Item 8.) On May 22, 2024, the Referee held a hearing at which Claimant and a representative of Employer, Erika Fortner, appeared and testified. (C.R. at Item 12.)

At the hearing, Ms. Fortner testified that Claimant had been discharged for theft. She also testified that Employer had a policy regarding theft and that Employer's online training course dealt with theft. She further testified that an employee could be discharged for theft after the first offense and that the policy against theft was included in the employee handbook. (C.R. at Item 12; Notes of Testimony (N.T.) 5/22/2024 at

---

[3] 43 P.S. § 802(e). The Department originally determined that Claimant had been discharged for insubordination. However, when the Department's determination was appealed to the Referee, the cause of discharge was listed as theft. (C.R. at Item 7.)

4-5.) Claimant then testified. He admitted taking the expired drinks, but denied that he had committed theft, stating "I do not find anywhere in the employee handbook that [taking] worthless merchandise constitutes theft." (N.T. at 6.) Claimant further testified that he believed he was terminated because the store manager had recently hired an additional employee so that the store was now overstaffed. (N.T. at 7.) When the Referee asked Ms. Fortner to explain why expired products needed to be written off, she testified that keeping track of expired inventory is necessary for the company to determine metrics such as the profit and loss record of a specific store location. She also explained that it is important that employees not take expired products because that would allow them to take advantage of the system by writing things off unnecessarily so that they could take them. (N.T. at 8.)

On May 23, 2024, the Referee issued a decision and order affirming Claimant's denial of benefits due to willful misconduct. (C.R. at Item 13.) The Referee concluded:

> [t]heft from an employer is a wrongful act disqualifying the employee from receiving benefits under the Law. The Pennsylvania [c]ourts have consistently held a single proven incident of theft from the employer will establish willful misconduct. Even purely circumstantial evidence of theft will support such a finding. Competent evidence of an employee's intent to steal is also disqualifying. There can be no good cause for stealing from an employer.
>
> Where the employer sustains its burden of proving the claimant engaged in theft of company property, directly or indirectly, such conduct constitutes willful misconduct as a matter of law and is not subject to the rationale of good cause.
>
> Here, [Claimant] was discharged from his employment for theft. [Employer] has a policy, of which [Claimant] was made aware, that prohibits theft and allows for immediate termination of employment. On December 2, 2023, [Claimant] admits that he rang four bottles of soda up at a

3

promotional price of $0.00. [Claimant] did not have permission to perform this transaction. Although the items may not have been able to be sold to an end consumer, they were still company property and needed to be written off and disposed of in accordance with policy. As such, there is no justification for [Claimant's] actions in the matter and benefits are denied under Section 402(e) of the Law.

*Id.*

On May 25, 2024, Claimant appealed the Referee's decision to the Board. (C.R. at Item 14.) On June 13, 2024, Claimant also requested that the Referee grant a remand hearing. (C.R. at Item 16.) On July 8, 2024, the Board issued its order, finding that the Referee's determination denying Claimant benefits was proper. The Board stated as follows:

> [Claimant] testified he was discharged due to theft, which he denies. However, [Claimant] admits to taking the four drinks in question, altering the price to [0] for each one, and then checking them out without paying. [Claimant] states that since the drinks were expired and needed to be thrown out, he did not steal them. [Employer's] witness credibly testified that [Claimant] completed training regarding the theft policy, that expired goods still have value through the "value of waste," and that goods are still company property as outlined in the theft policy despite the expiration date.
>
> Under [Section] 402(e), [Employer] has the burden of proof to establish that [Claimant] was discharged due to willful misconduct in connection with work. Here, [Employer] demonstrated that [Claimant] was discharged due to the theft of four items, which amounts to willful misconduct.
>
> On appeal, [Claimant] requests the record to be reopened for additional evidence to be entered. However, the record shows that the parties had the opportunity for a full and fair opportunity to be heard, present evidence, and present testimony. The Board has sufficient evidence to render an

4

appropriate decision. As such, [Claimant's] request to remand the case is denied.

[Claimant's] appeal attempts to supplement the record with additional testimony not presented to the Referee, which the Board cannot consider as it is extra-record evidence.

*Id.* Claimant now petitions this Court for review.

## II. Issues and Arguments of the Parties

On appeal, Claimant asserts that he was not aware of any rule or policy of Employer dealing with the taking of store merchandise that is no longer saleable. He claims that he made no attempt to conceal his consumption of the expired merchandise and states that he rung up the sale of the merchandise for $0.00 to ensure that the products were removed from inventory. Next, he contends that under Section 3929.0 of the Pennsylvania Crimes Code, 18 Pa.C.S. § 3929.0, a first offense of "underring[ing merchandise] with the intention of depriving the merchant of the full retail value of the merchandise" is at most a summary offense when it is a first offense and the retail value of the merchandise is less than $150. (Claimant's Br. at 7-8.) Third, he again claims that Employer had an ulterior motive in terminating him, which was that the store was overstaffed. Finally, Claimant contends that Employer suffered no damages as a result of his actions. *Id.* at 9.

The Board, in response, contends that regardless of the retail value of the merchandise taken by Claimant, the merchandise was the property of Employer and Claimant knowingly violated Employer's policy prohibiting theft. (Board's Br. at 4-5.) It points out that Employer's witness, Ms. Fortner, testified at the Referee's hearing that Employer has a policy prohibiting theft, that one instance of theft can lead to termination, that employees are trained on the policy, and that Claimant admitted to his actions. *Id.* at 7. It further asserts that there is no doubt that a policy prohibiting theft is reasonable, and, in fact, a pre-existing policy is not required to prove that theft

5

constitutes willful misconduct because there is no good cause for stealing from an employer. The Board notes that Ms. Fortner explained that even expired merchandise has a "value of waste" and that a policy of officially "writing off" expired merchandise is necessary to prevent abuse of the system in over-ordering merchandise which is then taken by employees. *Id.* at 8. According to the Board, Claimant's assertion that his violation of the rule was inadvertent is belied by his admission that he was aware that the sodas were supposed to be written off by the manager and by the fact that Claimant did not seek permission to take the sodas. *Id.* at 8-9. Finally, the Board contends that Claimant offered no proof to support his theory that Employer's real motive for firing Claimant was to correct an overstaffing problem. Therefore, the Board asserts it did not err when it denied benefits to Claimant due to Claimant's willful misconduct. *Id.* at 10.

### III.   Discussion[4]

*A.    Principles of Law*

Section 402(e) of the Law provides in pertinent part:

> An employee shall be ineligible for compensation for any week . . .[i]n which his unemployment is due to this discharge or temporary suspension from work for willful misconduct connected with his work, irrespective of whether or not such work is "employment" as defined in this act . . . .

43 P.S. § 802(e). The term "willful misconduct" is not defined by statute. However, the courts have defined willful misconduct as "(1) wanton or willful disregard of an employer's interests; (2) deliberate violation of rules; (3) disregard of the standards of

---

[4] "This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence." *Rivera v. Unemployment Compensation Board of Review*, 310 A.3d 348, 352 n.4 (Pa. Cmwlth. 2024). Findings of fact made by the Board, which are not specifically challenged, are conclusive upon review. *Campbell v. Unemployment Compensation Board of Review*, 694 A.2d 1167, 1169 (Pa. Cmwlth. 1997).

behavior which an employer can rightfully expect from an employee; or (4) negligence showing an intentional disregard of the employer's interests or the employee's duties and obligations." *Johns v. Unemployment Compensation Board of Review*, 87 A.3d 1006, 1009-10 (Pa. Cmwlth. 2014) (citing *Grieb v. Unemployment Compensation Board of Review*, 827 A.2d 422, 425 (Pa. 2003)).

"Whether or not an employee's actions amount to willful misconduct is a question of law subject to review by this Court." *Gordon Terminal Service Company v. Unemployment Compensation Board of Review*, 211 A.3d 893, 898 (Pa. Cmwlth. 2019) (citation omitted). In UC cases, the employer bears the burden of demonstrating that the claimant's unemployment is due to willful misconduct. *Walsh v. Unemployment Compensation Board of Review*, 943 A.2d 363, 369 (Pa. Cmwlth. 2008). In general, in order to show that a claimant's violation of an employer's policy constitutes willful misconduct, the employer must show (1) the existence of the policy, (2) the reasonableness of the policy, and (3) that the claimant was aware of the policy. *Williams v. Unemployment Compensation Board of Review*, 926 A.2d 568, 571 (Pa. Cmwlth. 2007), *appeal denied*, 926 A.2d 568 (Pa. 2007). In addition, the employer must prove that the claimant violated the policy or rule. *Walsh*, 943 A.2d at 369.

Once the employer has met its initial burden, the burden shifts to the claimant to prove that his or her actions did not constitute willful misconduct or that he or she had good cause for the behavior. *Kelly v. Unemployment Compensation Board of Review*, 787 A.2d 284, 288 (Pa. 2001). Finally, we note that the party prevailing below is entitled to the benefit of all reasonable inferences drawn from the evidence. *Ductmate Industries, Inc. v. Unemployment Compensation Board of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008).

### B.    Analysis

In the present case, Employer alleges that Claimant committed willful misconduct by committing theft. This area of the law is well-developed.

7

Pennsylvania courts have consistently held that theft from an employer is a wrongful act disqualifying the employee from receiving benefits under [S]ection [4]02(e) of the Act. *See Department of Navy v. Unemployment Compensation Board of Review*, 632 A.2d 622 (Pa. Cmwlth. 1993) (claimant was ineligible to receive benefits as a matter of law following guilty plea to charge of filing false claims with government); *Spencer v. Unemployment Compensation Board of Review*, 602 A.2d 484 (Pa. Cmwlth. 1992) (claimant was mistakenly overpaid and refused to return the excess to employer, rendering him ineligible for benefits); *Abbey v. Unemployment Compensation Board of Review*, 413 A.2d 3 (Pa. Cmwlth. 1980) (claimant was ineligible to receive benefits because she worked for the Department of Public Welfare (DPW) and simultaneously received assistance from the DPW by lying about her employment status). These cases all involved claimants who stole from their employers, conduct that Pennsylvania courts have held to be in disregard of standards of behavior which the employer has a right to expect of an employee. *See Department of Navy*, 632 A.2d at 630. Significantly, none of the cases even suggest that there can be good cause for stealing from an employer. **In fact, the Commonwealth Court has specifically held that "where the employer sustains its burden of proof with substantial evidence that the employee engaged in theft, directly or indirectly, of the employer's property, such conduct constitutes willful misconduct as a matter of law and is not subject to the rationale of good cause."** *Id.* (emphasis added).

*Temple University of the Commonwealth System of Higher Education v. Unemployment Compensation Board of Review*, 772 A.2d 416, 418 (Pa. 2001).

Claimant argues that "no rule or guidance in any of the training materials exists offering guidance for the purchase of store merchandise that has gone beyond salability." (Claimant's Br. at 7.) However, during the Referee's hearing, Employer's witness testified that Employer had a policy prohibiting theft and that employees are trained on the policy and that a single instance of theft can lead to termination. She

further testified that the policy is included in the Employee Handbook. (N.T. at 4, 5.) Importantly, Claimant **admitted** knowing that "stale merchandise" had to be written off of inventory by the manager. (N.T. at 6.) In addition, Claimant understood why it was important for Employer to keep careful track of expired merchandise. Claimant stated:

> The rule of expired merchandise has been abused . . . Merchandise has been over-ordered just to watch it go stale so that employees could help themselves to it. But I assure you; I assure the company[,] my intention was not to violate a rule, ever.

(N.T. at 9.)

Therefore, there is substantial evidence in the record to support the Referee's Finding of Fact No. 3 that "[t]he employer has a policy, of which [Claimant] was aware, that prohibits theft of company property . . . ." (C.R. at Item 13.) Moreover, our caselaw holds that when an employee is accused of theft, a policy prohibiting theft is not required for a finding of willful misconduct. *See, e.g., Houp v. Unemployment Compensation Board of Review*, 340 A.2d 588, 590 (Pa. Cmwlth. 1975).

Claimant next argues that because the value of the merchandise taken was so low, his taking of it would be at most a summary offense under Section 3929 of the Crimes Code, 18 Pa.C.S. § 3929. (Claimant's Br. at 7-8.) We note that whether or not Claimant's actions would be prosecuted as a crime is not relevant to the determination at issue here. Claimant also asserts that he should not be denied benefits because his actions caused no damages to Employer. *Id.* at 9. However, In *Pedersen v. Unemployment Compensation Board of Review*, 459 A.2d 869 (Pa. Cmwlth. 1983), this Court stated:

> Even one isolated instance of theft may be sufficient to constitute willful misconduct. Moreover, **the value of the goods stolen is not determinative of whether the claimant engaged in disqualifying misconduct.** In *Langensiepen* [*v.*

9

*Unemployment Compensation Board of Review*, 451 A.2d 814 (Pa. 1982)], a claimant charged with the theft of a bag of soup valued at 89 cents was deemed disqualified under Section 402(e); and this Court categorically rejected the notion that an employer who discharges an employee for theft or dishonesty must prove significant detriment or substantial harm to his interests.

*Id.* at 872 (emphasis added) (internal citations omitted); *See also Gibson v. Unemployment Compensation Board of Review*, 760 A.2d 492, 495 (Pa. Cmwlth. 2000) (finding willful misconduct on the part of an employee who removed a floppy disk drive from a trash truck on the premises because "when an employee violates a work rule prohibiting theft, the value of the object taken is of no concern . . . ."). Finally, Claimant contends that Employer's true reason for firing Claimant was that the store was overstaffed. (Claimant's Br. at 8-9.) However, Claimant offered no evidence to support this theory. Thus, we find this issue to be without merit.

## IV.   Conclusion

We find that Board's determination was supported by substantial evidence. Accordingly, the order of the Board is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel M. Kane,              :

        Petitioner        :

                                :

       v.                 :   No. 1119 C.D. 2024

                                :

Unemployment Compensation   :

Board of Review,          :

        Respondent    :

## ***ORDER***

AND NOW, this 15th day of July, 2025, the July 8, 2024 Order of the Unemployment Compensation Board of Review is hereby **AFFIRMED.**

_____
PATRICIA A. McCULLOUGH, Judge