Theodore J. White, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Submitted on briefs, December 6, 1974, to Judge KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Saul Doner,* with him *LaCheen, Doner, Lacheen, Gross & Finkel,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Daniel R. Schuckers,* Assistant Attorney General, and *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, January 6, 1975:

This is an appeal by Theodore J. White from a decision of the Unemployment Compensation Board of Review affirming a referee's denial of compensation.

The claimant was employed by Motor Freight Express as a driver and platform worker. On December 22, 1972, appellant and several other employees were confronted on the company's premises by the terminal manager and the security officer who were investigating the theft of playing cards from a shipment in the company's possession. The company representatives asked these employees to submit to a search. The testimony of the employer's witnesses accepted by the referee and the Board was that, although the appellant first refused to be searched, he eventually submitted and that playing cards were found on his person.

Theft of an employer's property is an obvious disregard of the standards of behavior which an employer has the right to expect from his employee and is wilful misconduct. *Food Fair Stores, Inc. v. Unemployment Compensation Board of Review,* 11 Pa. Commonwealth Ct. 535, 314 A.2d 528 (1974).

The appellant testified that he was not searched and that cards were not found on his person. He contends that he was fired for refusing to submit to what he terms an illegal and unconstitutional search of his person and that his refusal to be searched was not wilful misconduct. If

the facts had been found as the appellant related them, the case would present the interesting legal questions he suggests. However, there was a conflict of testimony and the Board, as was its prerogative, found against the appellant's version, as had a management-union grievance panel previously.

Order affirmed.