William F. Cahill, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs April 2, 1979, to Judges CRUM-LISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Charles R. Husbands*, for petitioner.

*Reese F. Couch*, Assistant Attorney General, with him *J. Justin Blewitt*, Acting Attorney General, for respondent.

OPINION BY JUDGE ROGERS, May 11, 1979:

William F. Cahill has appealed from a determination of the Unemployment Compensation Board of Review that because his discharge from his employment was due to his willful misconduct he was ineligible for compensation under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e). A referee declared the claimant to be eligible but the Board of Review after remanding the record for additional evidence found him to be ineligible.

The only testimony received at the two hearings was that of Mr. Cahill, who at the time of his discharge was employed full time at a salary of $1100 as a service technician for Hobart Corporation, a company which manufactures and services commercial food machines. His testimony supports the Board of Review's findings that during working hours and while wearing Hobart's uniform and in possession of Hobart's truck, he helped another serviceman not employed by Hobart for whom he had once done work in his spare time to install a dishwasher manufactured by a Hobart competitor. It further appears from the claimant's testimony that a recently appointed Hobart supervisor had forbidden working for other service enterprises.

'Willful misconduct' . . . has been held to comprehend an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard

568

of standards of behavior which the employer has a right to expect of an employee, or negligence indicating an intentional disregard of the employer's interest or of the employe's duties and obligations to the employer.

*Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 83-84, 351 A.2d 631, 632 (1976), quoting from *Moyer Unemployment Compensation Case*, 177 Pa. Superior Ct. 72, 74, 110 A.2d 753, 754 (1955). The claimant's conduct was properly found to fall within the definition of willful misconduct.

Order affirmed.

ORDER

AND Now, this 11th day of May, 1979, the order of the Unemployment Compensation Board of Review, dated October 31, 1977, denying benefits to William F. Cahill is hereby affirmed.