Mary Anderson, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 6, 1981, before Judges ROGERS, CRAIG and PALLADINO, sitting as a panel of three.

*Vincenti A. DeFauce,* with him *Daniel L. Haller,* for petitioner.

*Steven Marcuse,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE CRAIG, March 12, 1981:

In this unemployment compensation appeal, the claimant[1] questions the board's[2] affirmance of a referee's decision which denied compensation on the basis of the willful misconduct provision of the Unemployment Compensation Law.[3]

On March 19, 1979 the employer[4] discharged claimant from her duties as a meat wrapper for allegedly shoplifting meat from the employer. On her last day at work, the claimant, during her fifteen-minute break, purchased items from the store, had them bagged and rung up at a cash register, and then took them to her work station in the meat department. A few minutes before the end of claimant's shift, the store manager

---

[1] Mary Anderson.

[2] Unemployment Compensation Board of Review.

[3] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

[4] Economy Supermarket.

observed the claimant removing five pre-wrapped priced packages of cube steak from the meat cooler and placing them in the bag along with the items purchased during her break. Claimant then proceeded to the rear of the store to punch her time card at the end of her shift. Although the only exit from the store was through the checkout counters at the front, the manager apprehended the claimant and discharged her for shoplifting immediately after the claimant had punched her time card and before she had approached the checkout counters or the exit.

Although the employer had a rule prohibiting employees from purchasing items during their shift, the record indicates that the rule was not enforced.[5] Therefore, we agree with the board's conclusion that claimant's violation of that rule cannot constitute willful misconduct.

However, this court has defined willful misconduct as any conduct which exhibits a disregard of the employer's interest. *O'Keefe v. Unemployment Compensation Board of Review,* 18 Pa. Commonwealth Ct. 151, 333 A.2d 815 (1975). Moreover, this court has held that one isolated instance of theft is sufficient to constitute willful misconduct. *Kostek v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 32, 315 A.2d 308 (1974).

Consequently, the pivotal question here is whether the testimony that claimant placed the packages of

---

[5] The manager of the supermarket testified as follows concerning the enforcement of the rule against employees shopping during their shifts:

QL: As a matter of fact at that time that was policy was it not that the employees were to purchase the items that they bought on their breaktime rather than on company time?

AE: It is not policy, it is one of the things we did not enforce, it is not the company policy to do that but it was not enforced let's put it that way.

meat in the bag containing her earlier purchases, while she went to the rear of the store to punch her time card, constitutes substantial evidence[6] that she had concealed the meat packages and intended to exit the store without paying for them.

The board's finding that claimant was discharged for "shoplifting" rests solely upon acceptance of the manager's conclusory statement that the claimant had "concealed" the meat packages in the bag. Although concealment in such circumstances can be determinative,[7] our scrutiny of the testimony discloses no substantial evidence of concealment here. Although the board was entitled to believe the manager's testimony that the meat was "put in the bag and the bag was rolled up and it was closed", as against claimant's testimony that the bag was "wide open", the mere use of the bag, acquired with the earlier purchases, to assemble and carry five separate meat packages, while claimant using at least one hand to clock out, is not substantial evidence of concealment or of a settled intention to exit through the checkout counters without paying.

Because the employer's burden of establishing willful misconduct required a substantial quantum of proof that claimant would not pay, and that is lacking, the board's rejection of claimant's declaration that she was going to pay, on credibility grounds, cannot be decisive.

---

[6] Where, as here, the party with the burden of proving willful misconduct prevailed below, our scope of review is limited to whether the record contains substantial evidence to support the finding of willful misconduct. *Gallagher v. Unemployment Compensation Board of Review*, 36 Pa. Commonwealth Ct. 599, 388 A.2d 785 (1978).

[7] As to the criminal offense of retail theft, definitive evidence of concealment can support a presumption of intention to shoplift. *See* Section 1 of the Crimes Code, Act of December 6, 1972, P.L. 1482, *as amended*, 18 Pa. C. S. §3929.

Paying before clocking out, on company time outside of a break, was not allowed, and the only exit was through the checkout at the front of the store. Hence, the manager aborted the completion of claimant's conduct which would have established the claimant's actual intention and alleviated the need to speculate.

Claimant's conduct apparently generated suspicion on the part of the manager, but suspicion, like the conduct which here prompted it, is not substantial evidence.

Accordingly, we reverse the decision of the board.

ORDER

AND Now, this 12th day of March, 1981, the decision of the Unemployment Compensation Board of Review, Decision No. B-175302 denying benefits to Mary Anderson is hereby reversed, and this case is remanded for computation of benefits.