Carol Braunstein, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 4, 1981, before President Judge CRUMLISH and Judges CRAIG and WILLIAMS, JR., sitting as a panel of three.

*Joseph A. Ruggieri*, with him *Barry S. Yaches*, for petitioner.

*Karen Durkin*, Assistant Attorney General, with her *Richard Wagner*, Chief Counsel, and *LeRoy S. Zimmerman*, Attorney General, for respondent.

OPINION BY JUDGE CRAIG, March 26, 1981:

Carol Braunstein, claimant, appeals from the Unemployment Compensation Board of Review's order reversing a referee's decision that benefits received by claimant from February 4, 1978 to August 26, 1978 were allowable and that no recoupment was necessary. The basis for denying benefits and demanding recoupment was a finding that claimant was employed by Abstract Corporation during the period and a finding of fault overpayment under Section 804(a) of the Unemployment Compensation Law,[1] 43 P.S. §874(a).[2]

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §874(a).

[2] Because the board determined that claimant was employed during the period and therefore liable for fault overpayment, we review the evidence in the light most favorable to that conclusion, affording it all the inferences which can fairly be drawn from the testimony. *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977).

Substantial evidence rebuts claimant's contention that her continuing presence in the Abstract Corporation office was a mere return of a favor. Testimony of an employer representative and another employee established that claimant was employed as a receptionist at Abstract's Landsdale office from 10:00 to 2:00, Monday through Friday, from February 4, 1978 to August 26, 1978.

Documentary evidence in the form of checks and vouchers for $75 each, drawn by Abstract for its Landsdale office expenses, coupled with testimony that the claimant was the only employee at the Landsdale office, belies claimant's contention she was unemployed during this period. The checks, which were either directly payable to claimant or endorsed by her, particularly buttress the board's finding that claimant was a paid employee.

Having been employed, claimant is ineligible for compensation under Sections 401 and 4(u) of the Unemployment Compensation Law.

Concerning the determination of a fault overpayment, we believe that the appellant did improperly mislead the Bureau. In *Lynn v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 75, 396 A.2d 500 (1979) we held that an applicant who knowingly stated in his application for benefits that he was unemployed, when such a statement was in fact false, was liable for a fault overpayment. Claimant repeatedly filed for weekly benefits from February through August, 1978 despite being employed.

We therefore affirm the order of the board.

ORDER

AND NOW, March 26, 1981, the order of the Unemployment Compensation Board of Review, No. B-180559, dated February 6, 1980, is affirmed.

This decision was reached prior to the expiration of the term of office of Judge WILKINSON, JR.