Steve J. Molish, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 9, 1981, before Judges WILLIAMS, JR., MACPHAIL and PALLADINO, sitting as a panel of three.

*Lee Moses,* with him *Ada Guyton,* for petitioner.

*Karen Durkin,* Associate Counsel, with her, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., January 7, 1982:

This is an appeal by claimant from an order of the Unemployment Compensation Board of Review, affirming a referee's decision denying claimant unemployment compensation benefits pursuant to Section 402(e) of the Unemployment. Compensation Law (Law).[1]

Claimant, Steven Molish, was last employed by Fox Grocery Co. as a high-lift operator. On October 29, 1979, claimant was discharged by his shift manager for unauthorized removal of company property.

Subsequent to his dismissal, claimant filed a claim for unemployment compensation benefits. The Office of Employment Security issued a notice of determination disapproving the claimant's claim for benefits. Claimant appealed from the determination disallowing benefits; and after a referee's hearing,

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

that determination was affirmed. Upon appeal to the Unemployment Compensation Board of Review (Board) an order was issued affirming the referee's decision. The Board found that the claimant knowingly violated a company policy forbidding any employee to leave the premises with company merchandise. Thus, the Board concluded, claimant's behavior constituted willful misconduct as he deliberately disregarded the interest of his employer and acted contrary to the standard of behavior an employer can rightfully expect of his employees. This appeal followed.

Claimant's appeal to this Court is based on his allegation that the Board's findings are not supported by substantial evidence. Therefore, claimant asserts, his employer did not sustain its burden of proving that he was guilty of willful misconduct. Claimant, in support of his contention, directs our attention solely to the testimony of his own witnesses. The testimony of those witnesses, claimant asserts, contradicts that of claimant's employer upon which the Board based its decision.

This Court has often stated that conflicts in the testimony must be resolved by the finders of fact. *E.g. Stewart v. Unemployment Compensation Board of Review*, 43 Pa. Commonwealth Ct. 279, 402 A.2d 302 (1979). It is clearly within the province of the Board as the ultimate fact finder to determine the credibility and the weight to be accorded the evidence. It cannot be said that a finding is unsupported by substantial evidence simply because conflicting or contrary evidence on the issue was also introduced which the Board found not to be credible. *Gardner v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 548, 372 A.2d 38 (1977). Thus, once a rational basis for the Board's findings is

24

found, they must be sustained, even though the record may contain other competent evidence which, had it been accepted by the Board, would have justified different findings. *Stewart*.

In the instant case, our review of the record indicates that competent evidence does exist to support the Board's findings. Therefore, we must uphold those findings and affirm the Board's decision.

ORDER

AND Now, the 7th day of January, 1982, the decision of the Unemployment Compensation Board of Review at Decision No. B-185883 is affirmed.

This decision was reached prior to the expiration of the term of office of Judge PALLADINO.