Bruce Person, Petitioner. *v.* Commonwealth of Pennsylvania, Unemloyment Compensation Board of Review, Respondent.

Submitted on briefs November 17, 1982, to President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*Marvin Benton,* for petitioner.

*Joel G. Cavicchia,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., March 17, 1983:

The Unemployment Compensation Board of Review (Board) denied benefits to Bruce Person and assessed a fault overpayment. He appeals. We affirm.

The primary issue is whether Person is entitled to a new hearing. The procedural and factual history, which must be examined to decide this issue, is as follows: Person, a Fort Washington Racquetball Club employee, received unemployment benefits after being laid off on November 30, 1979, due to lack of work. On August 2, 1980, the Office of Employment Security (OES) declared Person ineligible for benefits under

Section 401(b) of the Unemployment Compensation Law[1] (Law) and assessed a fault overpayment of $4,760.00 under Section 804(a)[2] after discovering that Person had failed to report that, while collecting benefits, he was gainfully employed by Environmental Management.

Person appealed but did not appear at a September 18, 1980, referee's hearing. The referee affirmed the benefits denial and overpayment assessment. The Board remanded for additional testimony, but Person again did not appear at the hearing scheduled for December 9, 1980, albeit through no fault of his own.[3] The Board scheduled another hearing for January 14, 1981, however, Person again failed to appear. The Board affirmed the referee's decision. Person petitioned for reconsideration and, following its denial, he appealed to this Court.[4]

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §801(b), provides in part that:

Compensation shall be payable to any employe who is or becomes unemployed, and who—

. . . .

(b) Has registered for work at, *and thereafter continued to report at, an employment office in accordance with such regulations as the secretary may prescribe.* . . . (Emphasis added.)

[2] 43 P.S. §874(a) provides in part that:

Any person who by reason of his fault has received any sum as compensation under this act to which he was not entitled shall be liable to repay to the Unemployment Compensation Fund to the credit of the Compensation Account a sum equal to the amount so received by him.

[3] The notice regarding the December 9, 1980, hearing had been addressed incorrectly.

[4] Since the Board found Person to be employed during the period in question, we must review the evidence "in the light most favorable to that conclusion, affording it all the inferences which can fairly be drawn from the testimony." *Braunstein v. Unemployment Compensation Board of Review*, 58 Pa. Commonwealth Ct. 101, 102 n. 2, 427 A.2d 315, 316 n. 2 (1981).

Person does not dispute (nor do we question) the Board's conclusion that a claimant is ineligible for benefits if he is gainfully employed during the period for which benefits are claimed. *See Braunstein* at 103, 427 A.2d at 316. Rather, he argues that the Board erred by issuing a decision without hearing his testimony. He alleged that, on January 14, 1981, he arrived at the local OES one hour prior to the scheduled hearing, checked in with the receptionist and remained in the waiting area until the office closed but was never summoned for the hearing. The referee, however, testified that Person had not checked in with the receptionist at any time during that day.[5]

Section 504 of the Law[6] provides, in part, that "[w]hen any claim pending before a referee is removed or transferred to the board, the board shall afford the parties and [the Pennsylvania Department of Labor and Industry] *reasonable opportunity* for a fair hearing." (Emphasis added.) It is clear from the statute that the Board is merely required to provide a claimant *with a reasonable opportunity to be heard.* If he does not avail himself of this opportunity, the Board may complete its administrative review. Since Person *twice* failed to appear after being duly notified of the hearings,[7] we cannot conclude that the Board abused its discretion by refusing to remand for yet another hearing.

The Board's findings are supported by substantial evidence.

---

[5] It is within the Board's province to resolve credibility questions, *Bignell v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 568, 570, 434 A.2d 869, 871 (1981), which it did here in favor of the referee.

[6] 43 P.S. §824.

[7] Notwithstanding receiving proper notice from the Board, Person had failed to appear at both the referee's initial hearing scheduled for September 18, 1980, and the remand hearing scheduled for January 14, 1981.

Affirmed.[8]

ORDER

The Unemployment Compensation Board of Review order, No. B-192665, dated February 25, 1981, is hereby affirmed.

---

[8] The Board's characterization of the benefits payment as "fault overpayment" is supported by the record. Person acknowledged his employment with Environmental Management during the period in question, an acknowledgement that is supported by Environmental Management's documentation. Further, Person did not report his earnings during the period in which he received benefits. Finally, the record illustrates that Person was aware of the necessity of reporting earnings while on active claim status. In light of these facts, we conclude that Person's conduct was designed improperly and intentionally to mislead the OES, and is sufficient to establish a fault overpayment. *See Summers v. Unemployment Compensation Board of Review*, 60 Pa. Commonwealth Ct. 146, 149-150, 430 A.2d 1046, 1047-48 (1981).