Tracy Ann Lee, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent. Strawbridge and Clothier, Intervenor.

Submitted on briefs December 13, 1982, to President Judge CRUMLISH, JR. and Judges ROGERS and MacPHAIL, sitting as a panel of three.

*Gary Lee,* for petitioner.

*Harry Reagan,* with him, *William J. Flannery,* of counsel: *Morgan, Lewis & Bockius,* for intervenor.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., April 5, 1983:

The Unemployment Compensation Board of Review denied Tracy Ann Lee benefits. She appeals; we affirm.

Lee, a clerical employee, was discharged for violating company policy by revealing confidential information to a business competitor. The Board found her guilty of willful misconduct and hence ineligible for benefits under Section 402(e) of the Unemployment Compensation Law.[1]

At the referee's hearing, Lee, who was unrepresented by counsel, arrived late. The referee who had already concluded the hearing and heard testimony from the employer's witnesses,[2] reopened the hearing. Lee was her sole witness and did not cross-examine the employer's witnesses.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

[2] 34 Pa. Code §101.51 allows the referee to hold a hearing without one party or all parties if they have all been duly notified. The record contains the notation, at the beginning of the hearing, that Lee's notice had been duly mailed and was unreturned. When Lee finally arrived, the referee reopened the hearing to allow her to present her case, an opportunity to which she was not entitled without the presentation in writing of good cause for her absence from the hearing. *See* 34 Pa. Code §101.24.

She now argues that she is entitled to a remand because the referee failed to advise her of her right to counsel at the hearing, to cross-examine the employer's witnesses, and to present witnesses on her behalf. Such failure requires us to remand unless we are convinced that the failure was harmless error, resulting in no prejudice to the claimant. *Shires v. Unemployment Compensation Board of Review,* 71 Pa. Commonwealth Ct. 298, 454 A.2d 680 (1983). The employer contends that Lee was not prejudiced and that no remand is necessary. We agree.

The record reveals that Lee admitted that she disclosed this information. The only justification she offered was that she was unaware that the information was confidential and important.[3] She was given an opportunity to present her version of the events. It is axiomatic that the Board is the final fact-finder and arbiter of credibility. Before this Court, Lee, in asserting that she is entitled to a remand, merely points to the conflict in testimony as prejudicial. She has offered no other justification nor asserted any offers of proof or witnesses that, on remand, might support her defense that she was not guilty of willful misconduct. Under these facts, we can find no prejudice here.

As to the issue of willful misconduct, violation of an employer rule, if proved by the employer, constitutes such misconduct.[4] *Bignell v. Unemployment Compensation Board of Review,* 61 Pa. Commonwealth

[3] The record also reveals inconsistencies in Lee's asserted reason for asking for the confidential information in the first place. At the hearing, she denied having represented that the information was for her supervisor instead of for her own purposes.

[4] Where, as here, the party with the burden of proof has prevailed below, our scope of review is limited to determining whether the findings are consistent with the conclusions of law and can be sustained without a capricious disregard of competent evidence. *Bignell v. Unemployment Compensation Board of Review,* 61 Pa. Commonwealth Ct. 568, 570, 434 A.2d 869, 870 (1981).

Ct. 568, 434 A.2d 869 (1981). Here, the resolution of credibility having been made in the employer's favor, and this Court being unable to conclude that the resolution was made in capricious disregard of competent evidence, we affirm.

Affirmed.

ORDER

The order of the Unemployment Compensation Board of Review, No. B-196866 dated July 7, 1981, is affirmed.