Henry Pedersen, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 31, 1983, to Judges ROGERS, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Clifford A. Rieders, Murphy, Mussina, Harris & Rieders,* for appellant.

*Steven J. Neary,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

*John Bonner, Casale & Bonner,* for South Williamsport Area School District.

OPINION BY JUDGE WILLIAMS, JR., May 6, 1983:

Henry Pedersen (the claimant) has appealed from the Unemployment Compensation Board of Review (Board) denying his claim for unemployment compensation benefits. The Board denied benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Law)[1] on the ground that the conduct which led to the claimant's termination—appropriation of the employer's property without permission—constitutes "willful misconduct." The claimant asserts that the Board's findings are not supported by the evidence, and that the claimant's action did not rise to the level of willful misconduct. For the reasons which follow, we affirm the decision of the Board.

The claimant was employed for approximately eight years, until November 9, 1979, as a maintenance employee for the South Williamsport Area School District. He was discharged on the basis of reports by another employee that the claimant had made unauthorized use of a School District vehicle; and that he had stolen quantities of butter, machine oil and cement paint belonging to the School District. The employer supported its claim of willful misconduct with the testimony of two witnesses: the assistant school superintendent, who was in charge of maintenance at the time

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

of the alleged thefts; and the claimant's co-worker, Reeser, who allegedly saw the thefts and shared in the stolen goods. The assistant superintendent testified that the claimant was not authorized to take any School District property or to use a School District vehicle for personal purposes. Reeser testified that, in the summer of 1979, he, the claimant, and another co-worker, named McCloskey, went to the Federal Excess Food Program to pick up surplus butter which had been allocated for the School District. Reeser further testified that after the butter was delivered to the School District, there was one case left in the truck, and the three employees, including the claimant, divided the butter among themselves. He also testified that on another occasion he saw the claimant take some oil belonging to the School District, and that the claimant gave some of the oil to him and McCloskey. On yet another occasion, the claimant allegedly participated in dividing up a case of cement paint which belonged to the School District. Finally, Reeser testified that during the summer of 1979 he helped the claimant transport a motorcycle belonging to the claimant's son. The motorcycle was moved during working hours and in a vehicle owned by the School District. Reeser confessed the thefts to a School District official after the claimant allegedly told Reeser that if the thefts were discovered, Reeser would go to jail, but that he (claimant) and McCloskey could make restitution. Reeser was suspended for his involvement in the thefts.

The claimant's testimony is in substantial conflict with the employer's witnesses. Contrary to Reeser, he testified that the butter did not belong to the School District, but was given to him by the person in charge at the Federal Excess Food Program. The claimant testified that he did not steal a can of oil, but only used some of the oil on the locks on his van and returned the can to its storage place in the maintenance tool kit.

Furthermore, the claimant categorically denied removing any cement paint; rather, he stated that the paint was used to paint School District buildings. With regard to the charge that he transported a motorcycle in a School District vehicle during work hours, he testified that he was on vacation time when the move took place. He did not deny that he used a School District vehicle to transport the cycle. Finally, he denied making any statement that he would make restitution if caught stealing.

On this conflicting evidence, the Board of Review made the following critical findings:

2. About May of 1979, the claimant took a quantity of UGL cement paint belonging to his employer without his employer's permission.

3. On or about June 6, 1979, the claimant took a quantity of butter belonging to his employer for his personal use and without his employer's permission.

4. About July of 1979, the claimant took a quantity of WD40 oil belonging to his employer for his personal use and without his employer's permission.

5. During the summer of 1979, the claimant, without the permission of his employer, used his employer's vehicle to transact his personal affairs during hours when he was required to be attending to his employer's business.

6. The claimant was discharged on November 9, 1979 for taking employer's property for his personal use and transacting personal business during regular working hours.

Certain well-settled principles govern our disposition of this appeal. First, it is beyond question that theft from an employer may constitute willful miscon-

duct. *Bignell v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 568, 434 A.2d 869 (1981); *White v. Unemployment Compensation Board of Review*, 17 Pa. Commonwealth Ct. 110, 330 A.2d 541 (1975). Employee dishonesty is a clear example of the type of "intentional and substantial disregard of the employer's interest" which is disqualifying under Section 402(e) of the Law. *Langensiepen v. Unemployment Compensation Board of Review*, 69 Pa. Commonwealth Ct. 511, 451 A.2d 814 (1982); *Gladkowski v. Unemployment Compensation Board of Review*, 35 Pa. Commonwealth Ct. 108, 384 A.2d 1365 (1978). Even one isolated instance of theft may be sufficient to constitute willful misconduct. *Anderson v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 447, 426 A.2d 253 (1981). Moreover, the value of the goods stolen is not determinative of whether the claimant engaged in disqualifying misconduct. In *Langensiepen*, a claimant charged with the theft of a bag of soup valued at approximately 89 cents was deemed disqualified under Section 402(e); and this Court categorically rejected the notion that an employer who discharges an employee for theft or dishonesty must prove significant detriment or substantial harm to his interests.

In an unemployment compensation case involving a charge of willful misconduct, the employer must bear the burden of proof. *LeGare v. Unemployment Compensation Board of Review*, Pa. , 444 A.2d 1151 (1982). Where the party bearing the burden of proof has prevailed before the Board, our scope of appellate review is limited to determining whether an error of law has been committed and whether any necessary finding of fact is unsupported by substantial record evidence. *Lake v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 138, 409 A.2d 126 (1979). It is well settled that questions of witness

credibility and evidentiary weight are the province of the Board. *Molish v. Unemployment Compensation Board of Review*, 64 Pa. Commonwealth Ct. 21, 438 A.2d 1038 (1982). Furthermore, we are bound by findings of fact that are supported by substantial evidence; even though there is contradicting evidence which, if believed, would dictate a different result. *Id.*

There is no room for argument that repeated misappropriation of an employer's property, especially by an employee entrusted with supervisory authority, does rise to the level of willful misconduct.[2] Thus, if there is substantial evidence to support the Board's findings that the claimant appropriated for his own use property belonging to his employer, the denial of benefits must stand.

A review of the record leaves no doubt that the Board's findings are supported by substantial evidence. The employer presented direct, first-hand testimony of the claimant's wrong doing. The only finding which might possibly lack sufficient evidentiary support is that dealing with the claimant's theft of butter. The employer's witness, Reeser, conceded that he did not overhear the conversation by which, according to the claimant, the latter was given the butter subsequently alleged to be stolen. Nor is there evidence of any label or receipt which would clearly identify the butter as being the property of the employer. Thus, the only positive evidence from which an inference can possibly be drawn that the butter belonged to the School District is that it was transported from the Federal Excess Food Program along with butter allocated for the School District. If that were the only incident of alleged theft, the employer's case would

---

[2] The claimant was acting supervisor of his employer's maintenance crew during the summer of 1979, the period during which most, if not all, of the alleged incidents of theft or appropriation occurred.

stand on much weaker footing. *See Anderson.* (Store manager's suspicion of employee's dishonesty insufficient to prove willful misconduct.)

However, in this instance there is direct evidence of three other incidents of theft or appropriation, any one of which would sustain a charge of willful misconduct. Given our scope of appellate review, we must affirm the Board's order in this case.

### ORDER

AND Now, the 6th day of May, 1983, the order of the Unemployment Compensation Board of Review at No. B-196962 is affirmed.