536 A.2d 863

Anita M. Merlino, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs October 13, 1987, before Judges MacPHAIL and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*Martin M. Scoratow,* for petitioner.

No appearance for respondent.

*Margaret J. Bozik,* with her, *Donald T. O'Connor, Buchanan Ingersoll Professional Corporation,* for intervenor, Nordic Fisheries, Inc.

OPINION BY JUDGE MACPHAIL, February 1, 1988:

Anita M. Merlino (Claimant) appeals an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's denial of unemployment compensation benefits under Section 402(e) of the Unemployment Compensation Law,[1] 43 P.S. §802(e) (willful misconduct). We reverse the Board's order.

Claimant was employed by Nordic Fisheries, Inc. (Employer) in both its wholesale operation and retail fish business. On July 16, 1986, Claimant and her husband, who was the manager of Employer's fresh fish department, informed Employer that they were going to open their own retail fish store three miles from Employer's store, in the Squirrel Hill section of Pittsburgh. As found by the Board, Employer draws a substantial portion of its business from Squirrel Hill. Board's Finding of Fact No. 8. Upon discovering that Claimant and her husband intended to remain in Employer's employ, Employer advised them that their new store would be a conflict of interest and that the Merlinos could not continue as employees while in competition with Employ-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended.*

er. Employer subsequently discharged both Claimant and her husband when they refused to resign.

Claimant was denied benefits by both the Office of Employment Security and the referee, based on willful misconduct. The Board, after making findings of fact consistent with those of the referee, concluded that Claimant's actions in operating a competing fish store with her husband constituted a conflict of interest sufficient to support a finding of willful misconduct. Claimant's appeal of this order is now before our Court.

Our scope of review is, of course, limited to a determination of whether constitutional rights have been violated, an error of law committed, or whether necessary findings of fact are not supported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986). The question of whether or not a claimant's conduct constitutes willful misconduct is a question of law, subject to our review. *Richner v. Unemployment Compensation Board of Review,* 95 Pa. Commonwealth Ct. 572, 505 A.2d 1375 (1986). Claimant argues here that the Board's findings are not supported by substantial evidence and that the Board erred as a matter of law in concluding that Claimant committed willful misconduct.

"Willful misconduct," which renders a claimant ineligible for benefits under Section 402(e), has been defined by this Court to include the wanton and willful disregard of the employer's interest, the deliberate violation of rules, the disregard of standards of behavior an employer can rightfully expect, or negligence manifesting culpability, wrongful intent, evil design, or intentional and substantial disregard of the employer's interests or the employee's duties and obligations. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973). Such conduct must be

*willful* and not merely that which *appears* to be contrary to the employer's interests. *Penflex, Inc. v. Bryson,* 506 Pa. 274, 485 A.2d 359 (1984).

In this case, the Board concluded that because the testimony established that Claimant was involved in the operation of her husband's competing fish store, Employer had met its burden of proving Claimant's willful misconduct based on a conflict of interest. We agree with Claimant, however, that there is nothing in the record to support a finding of willful misconduct.

The Board's findings of fact, on which its conclusion of conflict of interest is based, include the following:

9.  Claimant made no statement at the meeting on July 16, 1986, to indicate that she would not be involved in her husband's business and it was the employer's clear understanding, of which claimant was aware, that both claimant and her husband would be operating the retail store.

. . . .

16.  The ownership of the new retail fish store was placed only in the claimant's husband's name and the lease was only signed by claimant's husband even though the employer had been advised by the husband, with no dissent from claimant, that the ownership and the lease were in both names and that both were involved in the ownership and operation of the new store.

The Board found, additionally, that notices of the new store's opening were distributed in both the Squirrel Hill area, where the new store was located, and near Employer's store, and that an advertisement had been placed in a local ethnic newspaper. *See* Board's Finding of Fact No. 13.

We conclude that the Board's findings do not support the conclusion that Claimant's husband's fish store presented a conflict of interest with *Claimant's* employ-

ment with Employer. At the time of Claimant's discharge, the only action she, individually, had taken on behalf of her husband's business was to use a personal day off from Employer to assist in the store's opening day and to sign a health department inspection report. *See* Board's Findings of Fact Nos. 12 and 14. This conduct does not manifest a willful disregard of Employer's interests or any degree of misconduct sufficient to sustain Employer's burden of proving Claimant's willful misconduct.

We, accordingly, reverse the Board's order denying benefits to Claimant for willful misconduct.[2]

## ORDER

The order of the Unemployment Compensation Board of Review in the above-captioned proceeding is hereby reversed.

---

[2] In so holding, we are mindful of the cases in which this Court has affirmed a finding of willful misconduct under circumstances more clearly exhibiting "conflict of interest." *See, e.g., Burke v. Unemployment Compensation Board of Review,* 99 Pa. Commonwealth Ct. 500, 512 A.2d 1367 (1986) (claimant deliberately referred away employer's business); *Lee v. Unemployment Compensation Board of Review,* 73 Pa. Commonwealth Ct. 264, 458 A.2d 629 (1983) (claimant revealed confidential information to a business competitor); *Cahill v. Unemployment Compensation Board of Review,* 42 Pa. Commonwealth Ct. 566, 401 A.2d 405 (1979) (contrary to a supervisor's directive, claimant helped a competitor's employee install a dishwasher manufactured by the competitor and not claimant's employer).