IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Colleen Dubaskas,               :
                    Petitioner  :
                                :  No. 1543 C.D. 2016
            v.                  :
                                :  Submitted: March 17, 2017
Unemployment Compensation        :
Board of Review,                :
                    Respondent  :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                          FILED: July 3, 2017


        Colleen Dubaskas (Claimant) petitions for review of the August 2, 2016 order of the Unemployment Compensation Board of Review (Board) that affirmed the Referee's decision that Claimant is ineligible for unemployment compensation benefits under section 402(e) of the Unemployment Compensation Law (Law).[1] Claimant argues that the evidence was insufficient to support the denial of benefits. We disagree.

_____

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

Claimant worked as a personal care assistant (PCA) at Wyoming Valley West School District (Employer), providing care for special needs students from September 1, 2012 to her last day of work on November 18, 2015. Claimant was given a medical restriction by her doctor that reduced her work week from five days to three days. Claimant communicated this medical restriction to Employer and, at a meeting on November 10, 2015, Employer offered Claimant alternative work at one of two schools as a substitute PCA at a lower rate of pay. After Claimant was suspended for failing to respond to Employer's offer, Claimant met with Employer's Personnel Director, Joseph Muth (Muth), on December 18, 2015 and discussed the alternative employment options that would accommodate Claimant's medical restrictions. Employer did not offer Claimant any assignments as they were approaching Christmas break and told Claimant to get in touch after the break. Employer also reminded Claimant that she needed to update her clearances, which were required every four years, by the end of the year. (Referee's Findings of Fact Nos. 1-7.) Claimant was told in September 2015 that her clearances were due by the end of the calendar year. (Original Record (O.R.) at Item No. 13.)

On February 5, 2016, Muth mailed a letter to Claimant stating that he had not heard from her since before Christmas break and that her repeated failure to maintain contact is considered abandonment of employment and that she must immediately contact Employer or she would be terminated. (Referee's Findings of Fact No. 12.)

On February 10, 2016, Claimant received the letter telling her to contact Employer immediately around 3:30 p.m., after the end of the school day. On the evening of February 10, 2016, after not receiving a phone call from Claimant, the school board met and terminated Claimant's employment due to insubordination and abandonment of employment. On February 11, 2016, a letter

2

was mailed to Claimant to inform her of her termination. Prior to receiving the termination letter, Claimant called Employer on February 13, 2016 and was notified that she had been terminated. Claimant then received the termination letter dated February 11, 2016 on February 14, 2016. (O.R. at Item No. 4.)

Claimant applied for benefits with the Department of Labor and Industry (Department). On May 10, 2016, the Department stated that Claimant was eligible for benefits because Employer did not provide information to show that "Claimant was involved in the incident that caused the separation." (O.R. at Item No. 4.)

Employer appealed the Department's decision, and a hearing was held before a Referee on June 21, 2016. (O.R. at Item No. 8.) It is undisputed that Claimant did not report to work from November 18, 2015 to February 10, 2016, the date of her termination.

Muth, testifying on behalf of Employer, acknowledged that Claimant could not work without her clearances and testified that, "[t]here was a state mandate that every employee that worked for [Employer] must have their clearances [updated] before the end of the year, December 31" and that employees were notified of this at the beginning of the school year. (O.R. at Item No. 8, Pages 12, 37-38.)

Claimant testified that she was told not to return to work until she had her clearances. Claimant stated that she sought the clearances as of or shortly after the meeting on December 18, 2015, and that two clearances could be obtained the same day they were requested, but that one clearance, the child abuse clearance, takes two-to-eight weeks. Claimant further testified that there were several complications in obtaining her clearances, including that she was out of the school system and did not have a computer at home. (O.R. at Item No. 8, Page 18.) Claimant testified that she called Employer on January 4 and 8, 2016, to discuss

3

the trouble she experienced in trying to obtain her clearances. (O.R. at Item No. 8, Page 25.) However, Claimant stated that she did not inform Employer prior to the end of the 2015 calendar year that she was experiencing trouble obtaining her clearances and acknowledged that Employer informed her at the beginning of the school year that she needed her clearances before the end of the calendar year. (O.R. at Item No. 8, Pages 37-38.)

Claimant further testified that she obtained two of her three clearances around February 1-2, 2016, and that the remaining clearance was one that could have been obtained immediately. (O.R. at Item No. 8, Page 32.) However, Claimant did not explain why she waited to obtain this clearance. Further, Claimant offered no explanation of why she waited to contact Employer until February 13, 2016.

On June 23, 2016, the Referee issued a decision and order reversing the Department and denying benefits, finding that Claimant was not diligent in obtaining her clearances and did not take "all reasonable steps necessary to try to maintain the employment relationship, and that her insubordination and not contacting the personnel director as directed, and her essentially abandoning her employment without any credible evidence of good cause" amounted to willful misconduct. (O.R. at Item No. 9.) Claimant appealed to the Board.

On review, the Board affirmed the Referee's decision, holding that Claimant "failed to credibly establish why she did not complete her clearances when she was informed of the need for such clearances at the start of the school year in September" and that Claimant also "failed to credibly establish why she did

4

not timely contact the employer after Christmas." (O.R. at Item No. 13.) Claimant now appeals to this Court.[2]

On appeal, Claimant challenges the Board's conclusion that she abandoned her employment and was discharged due to willful misconduct. More specifically, Claimant argues that the evidence is insufficient to support a finding of ineligibility because she called Employer on January 4, 2016, and January 8, 2016, to say that she had difficulty getting one of her clearances because she was out of the school system and because one of the clearances took several weeks to obtain and therefore, could not have returned to work after the Christmas break. Claimant further argues that she did not abandon her employment because she did not receive the February 5, 2016, letter requesting her to contact the school immediately or else she would be terminated until February 10, 2016, after the end of the school day. Claimant states that she called Employer on February 13, 2016, but was informed that she had been terminated.

In response, the Board noted that the findings that Claimant engaged in willful misconduct without good cause regarding her ongoing absence from work are supported by substantial evidence. More specifically, the Board found that Claimant did not pursue obtaining her clearances in a diligent or timely manner. As a matter of fact, the Board found that Claimant was informed in September 2015 that she needed her clearances by the end of the calendar year and did not apply for them, despite knowing that one could take several weeks, until December 23, 2015. (Referee's Finding of Fact No. 11.) The Board held that Claimant failed to establish good cause for waiting so long. The Board further

---

[2] Our scope of review is limited to determining whether constitutional rights have been violated, whether errors of law were committed, or whether findings of fact are supported by substantial evidence. *Procyson v. Unemployment Compensation Board of Review*, 4 A.3d 1124, 1127 n.4 (Pa. Cmwlth. 2010).

held that Claimant failed to contact Employer after receiving the February 5, 2016 letter, noting that she did not attempt to call or leave a message on February 10, 2016, when she stated she received the letter, but waited until after she was terminated to contact Employer. The Board concluded that this delay was unjustified and her actions constitute willful misconduct without good cause. We agree.

An employee is ineligible for unemployment compensation benefits for any week "[i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work." 43 P.S. §802(e). While "willful misconduct" is not statutorily defined, the Pennsylvania Supreme Court has defined the term as, "a) wanton or willful disregard for an employer's interests; b) deliberate violation of an employer's rules; c) disregard for standards of behavior which an employer can rightfully expect of an employee; or d) negligence indicating an intentional disregard of the employer's interest or an employee's duties or obligations." *Caterpillar, Inc. v. Unemployment Compensation Board of Review*, 703 A.2d 452, 456 (Pa. 1997). The employer bears the initial burden of establishing a claimant engaged in willful misconduct. *Id.*

Excessive absences and a failure to contact an employer during a period of absences may constitute willful misconduct. *Schwarzenbach v. Unemployment Compensation Board of Review*, 387 A.2d 519, 521 (Pa. Cmwlth. 1978) (holding that a five-day leave of absence without written authorization amounts to "voluntary termination when the employee fails to manifest his intention not to abandon his employment [as the claimant here failed to do]"); *see generally Pettey v. Unemployment Compensation Board of Review*, 325 A.2d 642 (Pa. Cmwlth. 1988) (excessive absences, lack of good or adequate cause for the

6

absence, and disregard of warnings regarding absenteeism can be considered willful misconduct).

The Board is the ultimate fact-finder, vested with the power to resolve questions of witness credibility and evidentiary weight. *Pedersen v. Unemployment Compensation Board of Review*, 459 A.2d 869, 872 (Pa. Cmwlth. 1983). This Court is "bound by findings of facts that are supported by substantial evidence; even though there is contradicting evidence which, if believed, would dictate a different result." *Id.*

Here, it is undisputed that Claimant made only one attempt to report for work after the meeting on December 18, 2015, to her discharge on February 11, 2016. Although Employer offered to accommodate her medical restrictions, and provided suitable alternative work, Claimant did not submit her clearances by the end of the 2015 calendar year and Claimant did not contact Employer until February 13, 2016, several days after receiving the February 5, 2016 letter telling her to contact Employer immediately or she would be terminated. As these findings are undisputed, they are binding and provide substantial evidence to support the Board's conclusion that Claimant's excessive absences, failure to diligently obtain her clearances, and failure to contact Employer constitute willful misconduct. Claimant's lack of diligence in obtaining her clearances is further demonstrated by the fact that, after she obtained the child abuse clearance in the beginning of February 2016, she failed to apply for her final clearance, which could have been obtained the same day she requested it.

Once the employer meets its burden of proving willful misconduct, the burden shifts to the claimant to prove she had good cause for her actions. *Mulqueen v. Unemployment Compensation Board of Review*, 543 A.2d 1286, 1287 (Pa. Cmwlth. 1981).

Here, Claimant argues that she did not report for work because she was waiting for her clearances to arrive. She argues that she had several problems obtaining them, including being removed from the school system in December, not having a personal computer at home, and that one of the clearances took several weeks to obtain. Further, Claimant argues that she called Employer twice, on January 4 and 8, 2016, to discuss her problems in obtaining her clearances.

However, Claimant was instructed in September 2015 that her clearances were needed by the end of the calendar year and did not begin the process of obtaining them until December 23, 2015, despite knowing that the child abuse clearance could take several weeks. Further, once Claimant obtained her child abuse clearance, she failed to obtain the final clearance that she could have obtained immediately. Although Claimant argues she attempted to discuss her delay in obtaining the clearances in January of 2016, at no point prior to the end of the 2015 calendar year did Claimant inform Employer that she was having difficulty with clearances. Further, Claimant did not offer a reason as to why she did not attempt to obtain her clearances sooner, given that she had notice in September. Therefore, we conclude that Claimant has neither established good cause for her excessive absences nor for her failure to obtain her clearances by Employer's deadline.

Regarding Claimant's failure to timely contact Employer following the letter dated February 5, 2016 telling Claimant to contact Employer immediately or she would be terminated, Claimant argues that she did not receive the letter until February 10, 2016, after the end of the school day. She further argues that she contacted Employer on February 13, 2016. While Claimant argues that school was closed for the day on February 10, 2016, she did not leave a message and waited three days prior to contacting Employer, despite February 11th and 12th both being

school days. Therefore, we conclude that Claimant has also not established good cause for her failure to contact Employer.[3]

For the foregoing reasons, the order of the Board is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

---

[3] While Claimant's lack of diligence alone may not have been sufficient to constitute willful misconduct, her actions in this case coupled with her failure to maintain contact with Employer is sufficient here to establish willful misconduct and abandonment of employment given that she was suspended for failing to respond to Employer's alternative job offer in December 2015, failed to contact Employer regarding her trouble obtaining her clearances prior to the December 31, 2015 deadline, failed to contact Employer after she obtained her child abuse clearance, and did not contact Employer for several days after receiving the letter dated February 5, 2016 informing her to contact Employer immediately or she would be terminated.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Colleen Dubaskas, : 
          Petitioner : 
  :   No.  1543 C.D. 2016
     v. : 
  : 
Unemployment Compensation : 
Board of Review, : 
          Respondent : 

## *ORDER*

AND NOW, this 3rd day of July, 2017, the order of the Unemployment Compensation Board of Review dated August 2, 2016, is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge